HOLLAND & KNIGHT LLP
Abraham J. Colman (SBN 146933)
Raymond Y. Kim (SBN 251210)
Paul J. Bond (*pro hac vice* application forthcoming)
Travis P. Nelson (*pro hac vice* application forthcoming)
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Telephone:  213.896.2400
Fax: 213.896.2450
E-mail:     abe.colman@hklaw.com
            raymond.kim@hklaw.com
            paul.bond@hklaw.com
            travis.nelson@hklaw.com

*Attorneys for Plaintiff*
*Credit One Bank, N.A.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

|  |  |
|---|---|
| Credit One Bank, N.A., | ) Case No.:   5:20-cv-02156 |
| Plaintiff, | ) |
| | ) **COMPLAINT** |
| vs. | ) |
| | ) |
| Michael A. Hestrin, District Attorney of Riverside County, California, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT**

1

2

Plaintiff, Credit One Bank, N.A. (the "Bank"), a national banking association, alleges:

3

**SUMMARY OF ACTION**

4

5

6

7

8

9

10

11

12

13

14

15

1. The National Bank Act provides in relevant part: "No national bank shall be subject to any visitorial powers except as authorized by Federal law, vested in the courts of justice or such as shall be, or have been exercised or directed by Congress or by either House thereof or by any committee of Congress or of either House duly authorized." 12 U.S.C. § 484(a). The U.S. Supreme Court has clarified that states may not engage in supervisory activities over national banks, but may engage in law enforcement activities only where such are carried out by the attorney general of the state, and even then only through a civil action, i.e., through litigation in the courts of justice. *Cuomo v. Clearing House Association, LLC*, 557 U.S. 519 (2009). In the Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. 111-203 (July 21, 2010) ("Dodd-Frank Act"), Congress clarified the law enforcement powers of state actors with respect to reviewing the activities and operations of national banks:

16

17

18

19

20

21

22

In accordance with the decision of the Supreme Court of the United States in Cuomo v. Clearing House Assn., L.L.C., (129 S.Ct. 2710 (2009)), no provision of title 62 of the Revised Statutes which relates to visitorial powers or otherwise limits or restricts the visitorial authority to which any national bank is subject shall be construed as limiting or restricting the authority of any attorney general (or other chief law enforcement officer) of any State to bring an action against a national bank in a court of appropriate jurisdiction to enforce an applicable law and to seek relief as authorized by such law.

23

24

25

26

27

12 U.S.C. § 25b(i)(1). Despite this clear limitation on the investigatory powers of state officials as articulated by the Supreme Court and Congress, the Defendant has issued and is attempting to enforce an investigatory subpoena against Plaintiff, a national banking association. In this action, Plaintiff seeks declaratory and injunctive relief against the Defendant's actions in violation of the National Bank Act.

28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

**JURISDICTION AND VENUE**

2.      This is an action under the National Bank Act, 12 U.S.C. § 21 *et seq*.  The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States.

3.      Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this district.  In particular, the Defendant's subpoena to the Bank originated from the Defendant's executive office in this district.

**THE PARTIES**

4.      Credit One Bank, N.A., is a national banking association, with its home office located in the state of Nevada.  The Bank is chartered by and subject to the exclusive visitorial authority of the Office of the Comptroller of the Currency ("OCC"), a bureau of the U.S. Treasury Department.

5.      Defendant Michael A. Hestrin is sued in his official capacity as District Attorney of Riverside County, California.

**DEFENDANT'S VIOLATIONS OF THE NATIONAL BANK ACT**

**The National Bank**

6.      Plaintiff is a national bank chartered pursuant to the National Bank Act, 12 U.S.C. § 21 et seq.  Pursuant to the National Bank Act, and regulations promulgated by the OCC, Plaintiff engages in lending activities on a nationwide basis, including in this district.  National banks, such as Plaintiff, "are instrumentalities of the Federal government, created for a public purpose, and as such are necessarily subject to the paramount authority of the United States." *Davis v. Elmira Savings Bank*, 161 U.S. 275 (1896).

7.      As a federal instrumentality, Plaintiff is subject to the exclusive visitorial authority of the OCC, and is extensively examined by commissioned national bank examiners as to its lending, underwriting, loan servicing, debt collection, and other consumer compliance functions.  12 U.S.C. § 484.

**The Riverside County District Attorney's Subpoena**

8.     On November 6, 2019, Defendant served an investigative subpoena on Plaintiff.

9.     Defendant seeks an extensive amount of information from Plaintiff, including but not limited to: master services agreements and other agreements with third parties; internal compliance audits, reviews and evaluations related to the consumer compliance function; policies and procedures related to Plaintiff's federally-authorized debt collection functions; voluminous call records related to communications with Plaintiff's customers; and all policies, procedures, manuals or instructions regarding certain aspects of Plaintiff's approach to communicating with its customers.  A copy of Defendant's subpoena is attached hereto as **Exhibit A**.

10.    Under the National Bank Act and other federal banking laws, the OCC has licensing, regulatory, supervisory, examination, and enforcement authority with respect to national banks' compliance with both federal and state laws.  *See* 12 U.S.C. §§ 24 (Seventh), 93(a), 481, 1818(b); *see also* 12 C.F.R. § 7.4000.

11.    In furtherance of the exclusivity of the OCC's authority, a provision of the National Bank Act, now codified as 12 U.S.C. § 484(a) provides:

> No national bank shall be subject to any visitorial powers except as authorized by Federal law, vested in the courts of justice or such as shall be, or have been exercised or directed by Congress or by either House thereof or by any committee of Congress or of either House duly authorized.

This provision is the cornerstone of Congress' stated intent, as demonstrated by the legislative history of the National Bank Act, to ensure that national banks were not subject to supervision by state authorities.

12.    As part of the Dodd-Frank Act, Congress would further clarify the narrow circumstances under which state officials may attempt to enforcement compliance with state law against a national bank as part of the state's law enforcement role:

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

- 4 -
**COMPLAINT**

… no provision of title 62 of the Revised Statutes which relates to visitorial powers or otherwise limits or restricts the visitorial authority to which any national bank is subject shall be construed as limiting or restricting the authority of any attorney general (or other chief law enforcement officer) of any State to bring an action against a national bank in a court of appropriate jurisdiction to enforce an applicable law and to seek relief as authorized by such law.

Section 1047 of the Dodd-Frank Act, codified at 12 U.S.C. § 25b(i)(1). As this provision makes clear, and consistent with Supreme Court precedent, states may enforce non-preempted state law against a national bank only where the state actor bringing the action is the attorney general, and only where the action is commenced through the filing of a civil action in an appropriate court.

13. As a pervasively regulated national bank, Plaintiff commits considerable resources to ensuring its compliance with myriad applicable federal and state laws and regulations. Plaintiff undergoes continuous regulation, supervision, examination, and monitoring by the OCC, and is subject to the OCC's enforcement jurisdiction with respect to both federal and state law. Plaintiff is also subject to targeted examinations relating to laws governing consumer lending. By seeking to inspect the books and records of Plaintiff and to otherwise exercise visitorial powers over Plaintiff, the Defendant threatens to increase – and if not enjoined will increase – the oversight and examination burden faced by Plaintiff in a manner expressly prohibited by Congress in the Dodd-Frank Act, and by the Supreme Court in the *Cuomo* decision.

14. Plaintiff acknowledges the important role that the Defendant plays in serving the interests of California consumers, however Congress has limited the ability of state actors to enforce state law against national banks to actions brought by the state's attorney general, and only within the confines of civil litigation. An action by a local government official, conducted through an investigative subpoena, is not permitted by federal law.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

**Views of the OCC**

15.    As is reflected in the attached letter from the OCC to the Plaintiff, the OCC has reviewed Defendant's subpoena, and has also come to the conclusion that Defendant's actions are pursuant to his own investigative authority under California law, and that Defendant "is engaged in a nonjudicial investigation of [Credit One Bank, N.A.] and not an exercise of law enforcement authority that is permissible under *Cuomo*." *See* **Exhibit B**.   Moreover, the OCC has concluded that the Defendant's investigatory subpoena   constitutes "an unlawful exercise of visitorial power" in violation of federal law.  *Id.*

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Credit One Bank, N.A., demands judgment against Defendant Michael A. Hestrin, in his official capacity as District Attorney of Riverside County, California:

A.    Declaring the Defendant's investigative subpoena as unenforceable as an unlawful encroachment upon the exclusive visitorial authority of the OCC.

B.    Preliminary and permanently enjoining the Defendant, his agents, and all persons acting in concert with them from (1) investigating, requesting or issuing subpoenas for information concerning, or taking any other action to enforce federal and state lending, debt collection, and consumer laws against Plaintiff, with respect to its credit card lending operations, or (2) otherwise exercising visitorial powers with respect to Plaintiff in violation of Section 484 of the National Bank Act.

C.    Granting Plaintiff such other and further relief, including costs, as this Court may deem justice and proper.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Dated:  October 15, 2020

/s/Raymond Y. Kim
HOLLAND & KNIGHT LLP
Abraham J. Colman
Raymond Y. Kim
Paul J. Bond) (*pro hac vice* application forthcoming
Travis P. Nelson (*pro hac vice* application forthcoming)

*Attorneys for Plaintiff*
*Credit One Bank, N.A.*

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

**COMPLAINT**

# EXHIBIT A

1  MICHAEL A. HESTRIN
   District Attorney
2  Riverside County
   Timothy S. Brown, SBN 281979
3  Deputy District Attorney
4  3960 Orange Street
   Riverside, CA 92501
5  Tel: (951) 955.5400

6

7              OFFICE OF THE DISTRICT ATTORNEY

8                  COUNTY OF RIVERSIDE

9  In the Matter of the Investigation of:

10                                    INVESTIGATIVE SUBPOENA
                                      TO PRODUCE RECORDS AND
11                                    DOCUMENTS

12
   **CREDIT ONE BANK, N.A.**
13

14

15         Pursuant to the powers conferred by Government Code section 11180 et. seq. and

16  Business and Professions Code section 16759 upon the Riverside County District Attorney,

17  which powers have been delegated to Deputy District Attorney Timothy S. Brown, an officer

18  authorized to conduct the above-entitled investigation:

19

20         **CREDIT ONE BANK, N.A. IS HEREBY COMMANDED** to appear through a

21  custodian of records or person(s) most knowledgeable before Deputy District Attorney Timothy

22  S. Brown at 3960 Orange Street, Riverside, California 92501, on December 6, 2019, or at a place

23  and time to which the parties otherwise agree, to produce the records and documents described

24  below, in connection with the above-titled investigation, and to testify and answer questions

25  under oath.  This investigation also includes the San Diego County District Attorney's Office,

26  Los Angeles County District Attorney's Office and the Santa Clara County District Attorney's

27  Office.  Attorneys and/or investigators from these offices may also be present on December 13,

28  2019.

                                    -1-

1    **YOU ARE NOT REQUIRED TO APPEAR IN PERSON** if a custodian or other

2    qualified witness, having authority to certify the subpoenaed records, delivers a true and legible

3    copy of the records requested, on or before December 13, 2019.

4    **CREDIT ONE BANK, N.A.** shall designate a custodian(s) of records, and/or the

5    person(s) most knowledgeable, and/or the person(s) most qualified, in order to provide testimony

6    relating to the records subpoenaed, to enable the questioner to determine the extent of CREDIT

7    ONE BANK'S compliance with this subpoena request.

8

9    **INSTRUCTIONS**

10   A.      Unless otherwise indicated, the time period covered by this subpoena is from

11   February 12, 2015 to present.

12   B.      On or before December 13, 2019, CREDIT ONE BANK shall provide a

13   declaration or affidavit, and said declaration or affidavit should state that a diligent search for all

14   requested records and documents was conducted, and that the declarant or affiant was in charge

15   of the search, or otherwise monitored and reviewed the search sufficiently to be able to represent

16   under oath that such a search was conducted.

17   C.      CREDIT ONE BANK'S declarant or affiant shall sign the declaration or affidavit

18   under oath.

19   D.      If any record or document requested in this subpoena is no longer in CREDIT

20   ONE BANK'S possession, custody or control, CREDIT ONE BANK shall so specify, and state

21   whether said record or document is lost, has been destroyed, has been transferred to others, or

22   has otherwise been disposed of.  If CREDIT ONE BANK does not have records or documents

23   responsive to a particular request, CREDIT ONE BANK shall so specify in the accompanying

24   declaration or affidavit.

25   E.      If CREDIT ONE BANK withholds any records or documents based on a claim of

26   privilege, CREDIT ONE BANK shall so specify, and state the nature and scope of the claimed

27   privilege in the accompanying declaration or affidavit.

28

## DEFINITIONS

    A.    The terms "CREDIT ONE BANK, N.A." or "CREDIT ONE BANK" or "YOU/YOUR" refers to the party to whom these requests are directed and includes all predecessors, subsidiaries, affiliates, agents, officers, directors, employees, attorneys and assigns.

    B.    The term "ALORICA" refers to Alorica, Inc. and any of its direct and indirect subsidiaries and affiliates involved in any consumer debt collection activities, including but not limited to, EGS Financial Care, Inc., Expert Global Solutions, EGS, NCO Financial Systems, Inc., Global Receivables Solutions, Inc., GRS and West Asset Management, Inc. (collectively "Alorica").

## RECORDS AND DOCUMENTS

    1.    Please provide all Master Services Agreements and Statements of Work, and all other agreements, instructions or directives related to the collection of debt, including changes and modifications, which were operative during the relevant time period for services performed by ALORICA.

    2.    Please provide all compliance audits, reviews or evaluations of accounts on which calls were made by ALORICA to collect debt on YOUR behalf and/or for accounts YOU originated. For the purposes of this request, these audits, reviews or evaluations include those which have been conducted by YOU or any third-party compliance monitor, as well as any responses by ALORICA to any compliance audit, review or evaluation.

    3.    Please provide all policies and procedures for the collection of debt performed on YOUR behalf and/or for accounts YOU originated, by ALORICA.

    4.    Please provide call records for all debt collection calls made to California residents on YOUR behalf and/or for accounts YOU originated, by ALORICA. For purposes of this request, please include data consisting of:

        a.    The name of the alleged debtor or person to be called.

        b.    The telephone number called, including area code.

        c.    The address, including the zip code, of the person called.

-3-

1       d.      Whether the telephone number is a cell phone, landline or unknown.

2       e.      The date and time of the call.

3       f.      The result of the call.

4       g.      The calling campaign or program code.

5       h.      The internal ALORICA account number and client account number.

6       i.      The dialer or dialing system used to place the call.

7       j.      The mode of dialing (e.g., manual, preview, predictive or other).

8       k.      The consent to call the number (e.g., verbal, written, or unknown).

9       l.      The source of the telephone number, including whether it was obtained

10              through skip tracing or from an internal database of phone numbers.

11       m.     Any request to cease, or identification by the call recipient that the number

12              called was a wrong number.

13      5.     Please produce all policies, procedures, manuals or instructions YOU followed,

14 used or provided for all dialers or dialing systems used by ALORICA.  YOUR response should

15 specify the code used to identify each such dialer or dialing system.

16      6.     Please provide a data dictionary or listing of all data fields, for each and every

17 dialing system identified in YOUR response to request no. 5, above.

18

19

20 Dated: November 6, 2019           MICHAEL A. HESTRIN

21                       District Attorney, Riverside County

22

23

24                       Timothy S. Brown

25                       Deputy District Attorney

26

27

28

PROOF OF SERVICE

*Investigative Subpoena re Credit One Bank, N.A.*

STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

At the time of service, I was over 18 years of age and not a party to the action. My business address is located at 3960 Orange Street, Riverside, CA 92501.

On November 6, I served the following document(s):

INVESTIGATIVE SUBPOENA TO PRODUCE RECORDS AND DOCUMENTS

I served the documents on the following persons at the following addresses:

Barbara Hoerner
Attorney
Credit One Bank, N.A.
Las Vegas, NV 89113

Narine Yenovkian
Attorney
Credit One Bank, N.A.
Las Vegas, NV 89113

☐   (BY U.S. MAIL) I enclosed the documents in a sealed envelope deposited it with the United States Postal Service, with the postage fully pre-paid.

☐   (BY OVERNIGHT MAIL) I enclosed the documents in an envelope or package provided by an overnight mail carrier and addressed to the persons at the addresses listed above. The envelope was placed in a box or other facility regularly maintained by the overnight service carrier for the purpose of the receipt of mail with delivery fees paid or provided for, addressed to the person on whom it is to be served.

■   (BY FEDERAL EXPRESS 3- DAY MAIL) I enclosed the documents in an envelope or package provided by an express mail carrier and addressed to the persons at the addresses listed above. The envelope was placed in a box or other facility regularly maintained by the express service carrier for the purpose of the receipt of mail with delivery fees paid or provided for, addressed to the person on whom it is to be served.

Executed on November 6, 2019, at Riverside, California.

Michelle R. O'Brien

MICHAEL A. HESTRIN
DISTRICT ATTORNEY
County of Riverside
3960 Orange Street
Riverside, California

PROOF OF SERVICE

1

# EXHIBIT B

 **Office of the Comptroller of the Currency**

Washington, DC 20219

*Delivered By Secure Electronic Mail*

October 6, 2020

David C. Bouc, Esq.
EVP Legal & Compliance
Credit One Bank, N.A.
6801 S. Cimarron Rd.
Las Vegas, Nevada 89113
david.bouc@creditone.com

Subject:     Subpoena Seeking Bank Books and Records *In the matter of the Investigation of*:
*Credit One Bank, N.A.*, Case No. 2001925 (Cal. Super. Ct., Riverside County)

Dear Mr. Bouc:

Recently, you informed the Office of the Comptroller of the Currency ("OCC") that the Office of the District Attorney in Riverside County California ("DA") served an investigative subpoena on Credit One Bank, N.A. ("Credit One" or "Bank") on November 6, 2019 ("Subpoena"). The Subpoena includes requests for the Bank's records relating to collection calls made by Alorica, Inc., a Bank service provider, to California residents on Credit One accounts, from February 12, 2015 to the present. The Bank provided a formal response to the Subpoena dated January 31, 2020 ("Response"), but has not produced documents or records in response to the Subpoena as of September 30, 2020.

In addition, you notified the OCC that the DA filed a petition to enforce the Subpoena with the Riverside County Superior Court. Specifically, the DA moved the Court for an Order to Show Cause "as to why the Court should not compel immediate production of each and every request as stated in the People's investigative subpoena,"[1] on July 2, 2020 ("Petition"). The OCC has reviewed the Subpoena and the Petition and concludes, for the reasons described below, that the Subpoena calls for Credit One to produce bank books and records for inspection in violation of 12 U.S.C. § 484 and its implementing regulation 12 C.F.R. § 7.4000.[2]

The National Bank Act (NBA), at 12 U.S.C. § 484, vests the OCC with exclusive visitorial powers with respect to national banks, subject to certain express exceptions, which are detailed

---

[1] *In the Matter of the Investigation of Credit One*, No. 2001925, Pet. for Order to Show Cause re Enforcement of Investigative Subpoena, 1 (Cal. Super. Ct., Riverside County June 24, 2020).
[2] The OCC acknowledges that Credit One and the DA have submitted other court filings regarding enforcement of the Subpoena. These filings do not impact the OCC's conclusion in this letter.

in 12 C.F.R. § 7.4000. Visitorial powers include, among other things, the examination of a bank, the inspection of a bank's books and records, and nonjudicial investigations of banks to enforce compliance with applicable law.[3]

In *Cuomo v. Clearing House Assn., L.L.C.*, 557 U.S. 519 (2009), the Supreme Court considered whether request letters sent to national banks by the New York Attorney General were impermissible visitations under 12 U.S.C. § 484. The letters were "in lieu of subpoena" and requested nonpublic lending information related to the national banks' compliance with state fair-lending laws. The Court upheld an injunction against the threatened issuance of executive subpoenas and stated that "the Attorney General's issuance of subpoena on his own authority" under state law would be an impermissible visitation under 12 U.S.C. § 484, rather than a permissible "exercise of the power of law enforcement."[4] While the Court recognized that the Attorney General could file a lawsuit to enforce applicable law consistent with 12 U.S.C. § 484, the Court also clearly emphasized the distinction between visitation (including issuance of an executive subpoena) and law enforcement, explaining that this "would preserve a regime of exclusive administrative oversight by the Comptroller" applicable to national banks.[5] The Court went on to state that:

> [o]n a pragmatic level, the difference between visitation and law enforcement is clear. If a State chooses to pursue enforcement of its laws in court, then it is not exercising its power of visitation and will be treated like a litigant. An attorney general acting as a civil litigant must file a lawsuit, survive a motion to dismiss, endure the rules of procedure and discovery, and risk sanctions if his claim is frivolous or his discovery tactics abusive. Judges are trusted to prevent "fishing expeditions" or an undirected rummaging through bank books and records for evidence of some unknown wrongdoing.[6]

Based on the facts in the current litigation, the Subpoena requests production of the Bank's books and records for purposes of investigating compliance with state law. As in *Cuomo*, the DA issued the Subpoena pursuant to its own investigative authority under California law. Therefore, the DA is engaged in a nonjudicial investigation of the Bank[7] and not an exercise of law enforcement authority that is permissible under *Cuomo*. Accordingly, it is the OCC's position that the Subpoena constitutes a visitation under *Cuomo*, the NBA, and the OCC's implementing regulations and is thus an unlawful exercise of visitorial power in violation of 12 U.S.C. § 484 and 12 C.F.R. § 7.4000. Credit One may share this letter with opposing counsel or attach it to

---

[3] 12 C.F.R. § 7.4000(a)(2). In 2011, the OCC amended 12 C.F.R. § 7.4000 to provide that "an action against a national bank in a court of appropriate jurisdiction brought by a state attorney general (or other chief law enforcement officer) to enforce an applicable law against a national bank and to seek relief as authorized by such law is not an exercise of visitorial powers under 12 U.S.C. 484." 12 C.F.R. § 7.4000(b).

[4] *Cuomo v Clearing House Ass'n, L.L.C.*, 557 U.S. 519, 536 (2009). In 2010, the Dodd-Frank Wall Street Reform and Consumer Protection Act codified the Supreme Court's decision in *Cuomo* regarding judicial enforcement of state law against national banks. 12 U.S.C. 25b(i)(1).

[5] *Id*. at 530.

[6] *Id*. at 531.  The fact that the DA has initiated the present litigation to enforce the subpoena at issue does not bring this matter under the scenario set forth in *Cuomo*; there is a difference between filing an action to "pursue enforcement of its laws in court" and filing an action to enforce an investigatory subpoena for documents.

[7] As is made manifestly clear from the caption of the present action ("*In the matter of the Investigation of: Credit One Bank, N.A.*"), the DA's investigation targets the activities of Credit One.

any filing it makes in the above-referenced matter that addresses the issues of preemption and visitorial powers as discussed herein.

If you have any questions, please contact Kimberly Folk, Special Counsel at (720) 475-7663 or kimberly.folk@occ.treas.gov, or me at (202) 649-5558.

Sincerely,

Jonathan V. Gould    Digitally signed by Jonathan V. Gould Date: 2020.10.06 11:41:04 -04'00'

Jonathan V. Gould
Senior Deputy Comptroller and Chief Counsel
Office of the Comptroller of the Currency


cc:     Abraham J. Colman, Partner
        Holland & Knight
        Abe.colman@hklaw.com
        Counsel for Credit One

3