MICHAEL A. HESTRIN
District Attorney
County of Riverside
Timothy S. Brown, SBN 281979
Deputy District Attorney
3960 Orange Street
Riverside, CA 92501
Tel: (951) 955-5400
timothybrown@rivcoda.org

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Credit One Bank, N.A.,<br><br>                Plaintiff,<br><br>vs.<br><br>Michael A. Hestrin, District Attorney of Riverside County, California,<br><br>                Defendant. | Case No. 5:20-cv-02156<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S DECLARATORY JUDGMENT ACTION** |

      COMES NOW Defendant Michael A. Hestrin, District Attorney of Riverside County, California ("Defendant"), and answers Credit One Bank, N.A.'s ("Plaintiff") Complaint for declaratory judgment and injunctive relief ("Complaint") filed on October 15, 2020, as follows:

      1.     In answer to paragraph 1 of the Complaint, Plaintiff alleges legal conclusions and arguments that require neither admission nor denial. To the extent Plaintiff cites statutes, case law or other documents, those statutes, case law and other documents are the best evidence of the what is contained therein. Defendant denies to the extent that there is

an attempt to enforce an investigatory subpoena against Plaintiff. Defendant has withdrawn the investigatory subpoena that is the subject of the Complaint and has advised counsel for Plaintiff of said withdrawal, both orally and via electronic mail. Unless expressly admitted, Defendant denies any remaining allegations.

2. In answer to paragraph 2 of the Complaint, Defendant denies that jurisdiction exists pursuant to 28 U.S.C. § 1331.

3. In answer to paragraph 3 of the Complaint, Defendant admits that, to the extent jurisdiction is found to exist to sustain jurisdiction of the Complaint, which Defendant denies, venue in this district would be proper.

4. In answer to paragraph 4 of the Complaint, Defendant admits Plaintiff is a national banking association, with its headquarters in Nevada and that the OCC is a bureau of the Department of the United States Treasury. Plaintiff alleges legal conclusions as to the authority of the OCC that requires neither admission nor denial. Unless expressly admitted, Defendant denies any remaining allegations.

5. In answer to paragraph 5 of the Complaint, Defendant admits.

6. In answer to paragraph 6 of the Complaint, Plaintiff alleges legal conclusions and argument that require neither admission nor denial. To the extent Plaintiff cites statutes, case law or other documents, those statutes, case law and other documents are the best evidence of the what is contained therein. Unless expressly admitted, Defendant denies any remaining allegations.

7. In answer to paragraph 7 of the Complaint, Plaintiff alleges legal conclusions and argument that require neither admission nor denial. Unless expressly admitted, Defendant denies any remaining allegations.

8. In answer to paragraph 8 of the Complaint, Defendant admits, but in any event, Defendant has withdrawn the investigative subpoena.

9. In answer to paragraph 9 of the Complaint, Plaintiff alleges legal conclusions and argument that require neither admission nor denial, but in any event, Defendant has

withdrawn the investigative subpoena. To the extent Plaintiff characterizes the contents of the withdrawn subpoena, the subpoena is the best evidence of what is contained therein. Unless expressly admitted, Defendant denies any remaining allegations.

10. In answer to paragraph 10 of the Complaint, Plaintiff alleges legal conclusions and argument that require neither admission nor denial. Unless expressly admitted, Defendant denies any remaining allegations.

11. In answer to paragraph 11 of the Complaint, Plaintiff alleges legal conclusions and argument that require neither admission nor denial. To the extent Plaintiff cites statutes, case law or other documents, those statutes, case law and other documents are the best evidence of the what is contained therein. Unless expressly admitted, Defendant denies any remaining allegations.

12. In answer to paragraph 12 of the Complaint, Plaintiff alleges legal conclusions and argument that require neither admission nor denial. To the extent Plaintiff cites statutes, case law or other documents, those statutes, case law and other documents are the best evidence of the what is contained therein. Unless expressly admitted, Defendant denies any remaining allegations.

13. In answer to paragraph 13 of the Complaint, Plaintiff alleges legal conclusions and argument that require neither admission nor denial. Unless expressly admitted, Defendant denies any remaining allegations.

14. In answer to paragraph 14 of the Complaint, Plaintiff alleges legal conclusions and argument that require neither admission nor denial. Unless expressly admitted, Defendant denies any remaining allegations.

15. In answer to paragraph 15 of the Complaint, Plaintiff alleges legal conclusions and argument that require neither admission nor denial, but in any event, Defendant has withdrawn the investigative subpoena. To the extent Plaintiff cites a letter from the OCC, the letter is the best evidence of the what is contained therein. Unless expressly admitted, Defendant denies any remaining allegations.

**DEFENDANT'S AFFIRMATIVE DEFENSES**

As separate and distinct affirmative defenses, Defendant states as follows:

1. <u>Failure to state a claim</u>. As a first, full and complete defense to the Complaint and each and every claim for relief therein, Defendant alleges that the Complaint fails to state a claim upon which relief can be granted.

2. <u>No justiciable case or controversy</u>. As a second, full and complete defense to the Complaint and each and every claim for relief therein, Defendant alleges that the dispute as alleged in the Complaint is not a justiciable case or controversy.

3. <u>Estoppel</u>. As a third, full and complete defense to the Complaint and each and every claim for relief therein, Defendant alleges that the Complaint is barred by the doctrine of estoppel.

4. <u>Res judicata / collateral estoppel</u>. As a fourth, full and complete defense to the Complaint and each and every claim for relief therein, Defendant alleges that the Complaint is barred by res judicata and/or collateral estoppel.

5. <u>Lack of subject matter jurisdiction</u>. As a fifth, full and complete defense to the Complaint and each and every claim for relief therein, Defendant alleges lack of subject matter jurisdiction for which relief can be granted.

6. <u>No exercise of visitorial rights</u>. As a sixth, full and complete defense to the Complaint and to each and every claim for relief therein, Defendant alleges that it is not attempting to exercise visitorial rights.

7. <u>No pre-emption</u>. As a seventh, full and complete defense to the Complaint and to each and every claim for relief therein, Defendant alleges that it cannot be barred from bringing claims that are not pre-empted by the National Bank Act or any other federal law or statute.

8. <u>Ability to bring an action</u>. As an eighth, full and complete defense to the Complaint and for each and every claim for relief therein, Defendant alleges that it has standing to assert claims to enforce state law, including but not limited to state consumer

protection laws.

9. <u>Younger Abstention</u>. As a ninth, full and complete defense to the Complaint and each and every claim for relief therein, Defendant alleges that the Complaint is barred by application of the *Younger* abstention doctrine.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant prays for the entry of judgment as follows:

1. That Plaintiff take nothing by way of the Complaint;
2. That all prayed for declaratory relief be denied;
3. That all prayed for injunctive relief be denied;
4. That all prayed for "other and further relief, including costs" be denied;
5. That Defendant recover costs of suit herein; and
6. For such remaining relief as the Court may deem just and proper.

Dated: January 15, 2021

MICHAEL A. HESTRIN
District Attorney, Riverside County

Timothy S. Brown
Deputy District Attorney