MICHAEL A. HESTRIN
District Attorney
Riverside County
HAROLD R. ANDERSON
Deputy District Attorney, SBN 245551
TIMOTHY S. BROWN
Deputy District Attorney, SBN 281979
3960 Orange Street
Riverside, CA 92501
Tel: (951) 955.5400

*Exempt from fees pursuant to Government Code § 6103*

**FILED**
Superior Court of California
County of Riverside
3/26/2021
J. Hendrickson
Electronically Filed

*Additional counsel listed in Appendix A*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT ONE BANK, N.A.; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: **CVRI2101654**<br><br>COMPLAINT FOR INUNCTIVE RELIEF, CIVIL PENALTIES AND OTHER EQUITABLE REMEDIES<br><br>[Verified answer required per CCP § 446] |

THE PEOPLE OF THE STATE OF CALIFORNIA bring this action by and through MICHAEL A. HESTRIN, District Attorney of Riverside County; JEFFREY F. ROSEN, District Attorney of Santa Clara County; SUMMER S. STEPHAN, District Attorney of San Diego County; and GEORGE GASCÓN, District Attorney of Los Angeles County, and allege the following:

## PLAINTIFF'S AUTHORITY

1. The allegations set forth in paragraphs 3 through 27 of this Complaint are alleged on information and belief and cover the time period of not less than four years plus any applicable tolling period, including the tolling contained in the order of the Governor of California pursuant to Executive Order N-38-20 and by Judicial Emergency Rule 9, until the present ("Complaint Period"). Those paragraphs that identify consumers by initials are so alleged to protect the privacy of those individuals but are known to Defendants.

2. The authority of the District Attorneys of the Counties of Riverside, Santa Clara, San Diego and Los Angeles to bring this action derives from Business and Professions Code sections 17200, 17204 and 17206 and *Abbott Laboratories, Inc. v. Superior Court (Rackauckas)* (2020) 9 Cal.5th 642.

## JURISDICTION & VENUE

3. CREDIT ONE BANK, N.A. (hereinafter "CREDIT ONE") is a United States bank that primarily operates in credit cards, with its principal place of business at 6801 S Cimarron Road, Las Vegas, Nevada 89113. CREDIT ONE originates credit cards for California residents and subsequently seeks to collect those balances by contacting California residents by phone.

4. The violations of law alleged herein have been carried out by CREDIT ONE ("Defendant") within the Counties of Riverside, Santa Clara, San Diego and Los Angeles, and throughout the State of California.

## DEFENDANTS

5. CREDIT ONE is a credit card origination business that services and collects the debt it originates from consumers throughout the United States, including California. CREDIT ONE is a "debt collector" as defined by California Civil Code section 1788.2(c).

6. CREDIT ONE did and continues to employ or contract with organizations that employ people at call centers located both within and outside the United States to call consumers in California in an effort to collect alleged consumer debts ("Vendors"). These

Vendors have agreements with CREDIT ONE engaging them to attempt to collect consumer debt on CREDIT ONE's behalf, at its direction and in compliance with CREDIT ONE's policy and protocols. Additionally, these Vendors represent to consumers that the debt is being collected on CREDIT ONE's behalf. These Vendors act as CREDIT ONE's agents and all violations of law alleged in this Complaint were done by CREDT ONE within the scope of that agency. Furthermore, CREDIT ONE is liable for the actions of these third-party debt collector Vendors as CREDIT ONE retained and directed the actions of the Vendors, who lead members of the public to reasonably believe the Vendor is acting with CREDIT ONE's apparent authority and approval.

7. The true names of Defendants sued herein as DOES 1 through 50, inclusive, are unknown to the Plaintiff, who therefore sue those Defendants by such fictitious names pursuant to Code of Civil Procedure section 474. Defendants DOES 1 through 50 are in some manner responsible for the violations alleged herein. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained.

8. Whenever reference is made in this Complaint to any act of a corporate or entity defendant, that allegation shall mean the corporation and/or entity did the acts alleged in this Complaint through its officers, directors, employees, agents, partners, servants and/or representatives while acting within the actual or ostensible scope of their authority.

9. Whenever reference is made in this Complaint to any act of Defendants, such allegations shall mean that the act occurred during the Complaint Period, unless otherwise specified.

## GENERAL ALLEGATIONS

10. Since at least the beginning of the Complaint Period, CREDIT ONE has engaged in unlawful debt collection activities in California in violation of the Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act"), and Article I, section I of the California Constitution and the common law Right to Privacy ("Right to Privacy"). The California Legislature has found that "[u]nfair or deceptive collection

1 practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." (Civil Code, § 1788.1, subd. (a)(1).

11. One third-party Vendor, ALORICA, INC. and its subsidiaries and related companies ("ALORICA"), has been engaged by CREDIT ONE to collect amounts alleged to be due and payable on CREDIT ONE credit card accounts. ALORICA is a "debt collector" as that term is defined by California Civil Code section 1788.2(c). CREDIT ONE has and continues to engage ALORICA to provide collections services and to collect allegedly amounts due and payable on CREDIT ONE credit card accounts.

12. CREDIT ONE and Vendors used to collect debts on its behalf, such as ALORICA, have used computer databases to keep track of debtors and phone numbers in an effort to collect alleged consumer debts in California.

13. CREDIT ONE stores call data and receives daily calling activity reports from its call Vendors, including ALORICA.

14. CREDIT ONE Vendors, including ALORICA, are required to report to CREDIT ONE every phone call they make when attempting to collect alleged consumer debt from California consumers.

15. CREDIT ONE has a policy that allows its Vendors, including ALORICA, to contact California consumers eight (8) times per day for alleged consumer debt, plus an additional two (2) times under certain circumstances.

16. The Rosenthal Act prohibits unreasonably frequent or harassing phone calls to persons in connection with debt collection activities. (Civ. Code, § 1788.11, subds. (d) and (e).)

17. Despite the prohibitions of the Rosenthal Act, CREDIT ONE, through its Vendors such as ALORICA, has engaged in collection campaigns that involve unreasonably frequent and harassing phone call patterns and conduct.

18. For example, from approximately October 31, 2019 to November 29, 2019, CREDIT ONE engaged in a collection campaign, through ALORICA, wherein tens of thousands of consumer accounts received in excess of 90 collection calls in a 30-day period;

many of those accounts also received in excess of 120 collection calls in a 30-day period.

19. More specifically, during this CREDIT ONE collection campaign, some 12,249 consumer accounts received some 1.8 million collection calls; these consumers received an average of some 146 collection calls in a 30-day period, each receiving in excess of 90 collection calls in this short time frame.

20. In addition, during this same CREDIT ONE collection campaign, some 9,686 consumer accounts received some 1.5 million collection calls; these consumers received an average of some 154 collection calls in a 30-day period, each receiving in excess of 120 collection calls in this short time frame.

21. On or about January 30, 2019, a jury found that CREDIT ONE had violated plaintiff N.L.'s rights (a minor child) under the Rosenthal Act, in the matter of *N.L., an infant by his mother and natural guardian Sandra Lemos v. Credit One Bank, N.A., et al.*, Eastern District of California case no. 17-cv-01512. In that case, CREDIT ONE was found liable for repeated debt collection calls made by its debt collector vendors. Over a period of four months, CREDIT ONE's vendors made 189 automated calls to an eleven-year-old child, including eight calls in three hours. This child never had a relationship with CREDIT ONE and requested not to be contacted. CREDIT ONE persisted with their collection efforts despite the child's request for no contact. The harassing calling pattern led to a legal action that culminated with a verdict in favor of the plaintiff and a finding of liability for CREDIT ONE for violating the Rosenthal Act.

22. Despite the finding of liability for violations of the Rosenthal Act in the *Lemos* litigation, CREDIT ONE continued its policy and practice of directing its Vendors to place harassing collection calls to California consumers. Such continued patterns of unlawful debt collection practices have resulted in numerous complaints being filed against CREDIT ONE and its Vendors during the Complaint Period.

23. For example, CREDIT ONE through its Vendors, including ALORICA, called California consumer Mr. R. A. approximately five-hundred and fifty (550) times between January 15, 2019 and August 15, 2019. During this collection campaign, Mr. R. A. was called up to nine (9) times in a single day. The collection calls continued even after Mr. R. A. had

requested the calls to his cellphone stop.

24. For example, CREDIT ONE through its Vendors, including ALORICA, called California consumer Ms. E. F. approximately one-hundred and fifty (150) times between November 17, 2018 and March 8, 2019. During this collection campaign, Ms. E. F. was called up to eight (8) times in a single day. The collection calls continued even after Ms. E. F. had revoked consent to be called further.

25. Such calls to consumers in California were so frequent and the pattern of calling so insistent, even after requests to stop the calls, as to invade the consumers' Right to Privacy. Such conduct was, and would be, highly offensive to a reasonable person.

## FIRST CAUSE OF ACTION
## BUSINESS AND PROFESSIONS CODE SECTION 17200
## (VIOLATION OF ROSENTHAL ACT AND CALIFORNIA RIGHT TO PRIVACY)

26. Plaintiff incorporates paragraphs 1 through 25 of this Complaint as though set forth fully herein.

27. Beginning at a date unknown to Plaintiff, but no later than the Complaint Period, and on each day from that date to present, Defendant engaged in acts of unfair competition in the conduct of its business within the meaning of Business and Professions Code section 17200, including but not limited to, the following:

(a) Placing calls that harass and annoy to wrong numbers in efforts to collect alleged consumer debt in violation of Civil Code section 1788.11, subdivisions (d) and (e);

(b) Placing calls that harass and annoy in efforts to collect alleged consumer debt after the consumer has disputed the debt or requested the calls to cease, in violation of Civil Code section 1788.11, subdivisions. (d) and (e);

(c) Placing calls multiple times per day that harass and annoy in efforts to collect alleged consumer debt, in violation of Civil Code section 1788.11, subdivisions (d) and (e);

(d) Placing unwanted calls to both landline and cell phone numbers of California

consumers in efforts to collect alleged consumer debt by means and in such a manner as to invade the consumers' right to privacy, in violation of the California Right to Privacy, Article 1, section 1 of the California Constitution and in violation of California common law.

## PRAYER

WHEREFORE, Plaintiff prays that:

1. Pursuant to Business & Professions Code sections 17203 and 17204, Defendant, its officers, directors, employees, agents, franchisees, successors, assignees and representatives, and all natural persons, partnerships, corporations or other entities acting for, under, by, through or on behalf of defendants, or acting in concert or in participation with or for it with actual or constructive notice of this injunction, be permanently enjoined and restrained from engaging in unfair competition as defined in Business and Professions Code section 17200 including, but not limited to, the unlawful business acts alleged in the First and Second Causes of Action.

2. Pursuant to Business and Professions Code section 17206, the court assess a civil penalty in the amount of two thousand five hundred dollars ($2,500) against Defendant for each and every violation of Business and Professions Code section 17200 alleged in the First and Second Causes of Action. Plaintiff requests a civil penalty of no less than ten million dollars ($10,000,000) be imposed against Defendants.

3. Defendant makes full restitution to all victims of Defendant's acts of unfair competition.

4. Plaintiff recover its costs of suit.

5. Plaintiff have such other and further relief as the nature of the case may require and the Court deems appropriate to dissipate the effect of the unlawful and unfair acts complained of herein.

///

///

Dated: March 26, 2021

Respectfully submitted,

MICHAEL A. HESTRIN
District Attorney, Riverside County

By: _____
Timothy S. Brown
Deputy District Attorney

*SEE CODE OF CIVIL PROCEDURE SECTION 446 REGARDING VERIFICATION OF THE ANSWER*

NOTICE: Pursuant to California Business and Professions Code sections 17203 and 17204, *Spokeo, Inc. v. Robins* (2016) 136 S.Ct. 1540, and *People v. Beltz Travel Services, Inc* (N.D. Cal. 1974) 379 F. Supp 948, this action may not be removed to Federal Court.

Appendix A

JEFFREY F. ROSEN
District Attorney
Santa Clara County
TIYEN LIN
Deputy District Attorney, SBN 166202
70 W. Hedding Street
San Jose, CA 95110
E-mail: tlin@dao.sccgov.com


SUMMER S. STEPHAN
District Attorney
San Diego County
COLLEEN HUSCHKE
Deputy District Attorney, SBN 191402
330 West Broadway, Suite 750
San Diego, CA 92101
E-mail: colleen.huschke@sdcda.org


GEORGE GASCÓN
District Attorney
Los Angeles County
HOON CHUN
Acting Head Deputy District Attorney, SBN 132516
211 W. Temple Street, Floor 10
Los Angeles, CA 90012
E-mail: hchun@da.lacounty.gov