HOLLAND & KNIGHT LLP
Abraham J. Colman (SBN 146933)
Raymond Y. Kim (SBN 251210)
Rachel Y. Chuang (SBN 324290)
Travis P. Nelson (admitted *pro hac vice*)
William N. Shepherd (admitted *pro hac vice*)
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel.:  213.896.2400
Fax:  213.896.2450
E-mail:  abe.colman@hklaw.com
         raymond.kim@hklaw.com
         rachel.chuang@hklaw.com
         travis.nelson@hklaw.com
         william.shepherd@hklaw.com

Attorneys for Plaintiff
Credit One Bank, N.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CREDIT ONE BANK, N.A,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL A. HESTRIN, DISTRICT ATTORNEY OF RIVERSIDE COUNTY, CALIFORNIA<br><br>　　　　Defendant. | Case No. 5:20-cv-02156-JGB-KK<br><br>**PLAINTIFF CREDIT ONE BANK N.A.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**<br><br>Date:　　Monday, October 18, 2021<br>Time:　　9:00 a.m.<br>Place:　　Courtroom 1<br><br>Honorable Jesus G. Bernal |

# NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on October 18, 2021, or as soon thereafter as counsel may be heard by the Court, Plaintiff Credit One Bank, N.A. ("Credit One") will and hereby does move the Court for summary judgment against Michael A. Hestrin, District Attorney of Riverside County, California ("the District Attorney").

Credit One seeks summary judgment on the grounds that there is no genuine issue as to any material fact that it is entitled to declaratory relief and injunctive relief against the District Attorney. Specifically, the National Bank Act, regulations prescribed by the Office of the Comptroller of the Currency ("OCC"), and the Dodd-Frank Wall Street Reform and Consumer Protection Act prohibit the District Attorney from bringing any enforcement actions challenging the banking operations of a national bank such as Credit One, because such enforcement actions constitute an unlawful exercise of "visitorial powers." However, the District Attorney filed exactly such an enforcement action on March 26, 2021, in the California Superior Court for Riverside County. No rational trier of fact could conclude that the District Attorney has not violated the exclusive visitorial powers that Congress has vested in the OCC under the National Bank Act.

This motion is based on this Notice of Motion and Motion, on the accompanying memorandum of points and authorities, on the declaration and exhibits filed in support, and on such other matters as may be presented to the Court at the time of hearing.

This motion is made following two telephonic conferences of counsel pursuant to L.R. 7-3: the first of which took place in advance of the parties' filing of their Joint Scheduling Report on April 5, 2021 (ECF No. 26), and the second on September 9, 2021.

Dated: September 17, 2021

/s/ Raymond Y. Kim
HOLLAND & KNIGHT LLP
Raymond Y. Kim

*Attorneys for Plaintiff*
*Credit One Bank, N.A.*

PLAINTIFF CREDIT ONE BANK, N.A.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................1

II. UNDISPUTED AND STIPULATED MATERIAL FACTS ..............................4

III. LEGAL ARGUMENT .........................................................................................5

    A. Legal Standard on Summary Judgment Motion .......................................5

    B. The District Attorney's State Enforcement Action Is An Improper Exercise Of Visitorial Powers Over Credit One .......................5

        1. Visitorial Powers Over A National Bank Are Delegated Only To The OCC And "Any Attorney General (Or Other Chief Law Enforcement Officer) Of Any State"..................5

        2. Based On A "Common Understanding" Of The Dodd-Frank Act's Plain Language, The District Attorney May Not Pursue A State Enforcement Action Against Credit One ................................................................................................7

IV. CONCLUSION ..................................................................................................11

Holland & Knight LLP
400 S. Hope Street, 8th Floor
Los Angeles, California 90071
Tel.: 213.896.2400  Fax: 213.896.2450

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Atherton v. FDIC*,
 519 U.S. 213 (1997).................................................................................................. 1

*C.A.R. Transp. Brokerage Co., Inc. v. Darden Restaurants, Inc.*,
 213 F.3d 474 (9th Cir. 2000) ..................................................................................... 5

*Celotex Corp. v. Catrett*,
 477 U.S. 317 (1986)................................................................................................... 5

*Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*,
 511 U.S. 164 (1994)................................................................................................... 7

*Cuomo v. Clearing House Ass'n, LLC.*,
 557 U.S. 519, 536 (2009) .......................................................................................... 6

*Cuomo v. Clearing House Assn., L. L. C.
 (*129 S.Ct. 2710 (2009))............................................................................................ 6

*Dailey v. Bank of America, N.A.*,
 2014 WL 12845788 (E.D. Tenn. September 30, 2014) ......................................... 10

*Facebook v. Duguid*,
 141 S. Ct. 1163 (2021).............................................................................................. 8

*McCulloch v. Maryland*,
 4 Wheat. 316, 4 L.Ed. 579 (1819) ........................................................................... 1

*Parks v. MBNA Am. Bank, N.A.*,
 54 Cal. 4th 376 (2012)............................................................................................. 10

*The People of the State of California v. Credit One Bank, N.A.*,
 CVRI2101654............................................................................................................ 5

*Pinter v. Dahl*,
 486 U.S. 622 (1988).................................................................................................. 7

**Statutes**

12 C.F.R. § 7.4000 *et seq*.............................................................................................. 1, 6, 9

Holland & Knight LLP
400 S. Hope Street, 8th Floor
Los Angeles, California 90071
Tel.: 213.896.2400  Fax: 213.896.2450

12 C.F.R. § 7.4008(a) ................................................................................................. 10

12 U.S.C. § 24 ............................................................................................................ 10

12 U.S.C. § 25b(i) ................................................................................................ 6, 7, 8

12 U.S.C. § 90 .............................................................................................................. 8

12 U.S.C. § 1464 .......................................................................................................... 8

12 U.S.C. § 1706b ........................................................................................................ 8

12 U.S.C. § 1714 .......................................................................................................... 8

12 U.S.C. § 1741 .......................................................................................................... 8

12 U.S.C. § 1747j ......................................................................................................... 8

12 U.S.C. § 1748h-3(b) ................................................................................................ 7

12 U.S.C. § 1750e ........................................................................................................ 8

12 U.S.C. § 1757 .......................................................................................................... 8

12 U.S.C. § 1768 .......................................................................................................... 8

12 U.S.C. § 2148 .......................................................................................................... 8

12 U.S.C. § 2160 .......................................................................................................... 8

12 U.S.C. § 2279g ........................................................................................................ 7

12 U.S.C. § 3012 .......................................................................................................... 8

12 U.S.C. § 3403 .......................................................................................................... 8

Cal. Business & Professions Code § 17200 ..................................................... 3, 10, 11

National Bank Act § 484 ....................................................................................*passim*

**Other Authorities**

*Merriam-Webster Dictionary*, Chief (available at: https://www.merriam-
    webster.com/dictionary/chief) ................................................................................ 8

*Merriam-Webster Dictionary*, Or (available at: https://www.merriam-
    webster.com/dictionary/or) .................................................................................... 8

Holland & Knight LLP
400 S. Hope Street, 8th Floor
Los Angeles, California 90071
Tel.: 213.896.2400  Fax: 213.896.2450

OCC Interp. Ltr. Dated Jan. 30, 1992, 1992 WL 266687, at *1 (OCC, Jan. 30, 1992) .................................................................................................... 10

Puerto Rico Department of Justice website, available at: http://www.justicia.pr.gov/ (last visited August 13, 2021) ....................................... 9

Holland & Knight LLP
400 S. Hope Street, 8th Floor
Los Angeles, California 90071
Tel.: 213.896.2400 Fax: 213.896.2450

# MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION

The central issue in this action is whether the National Bank Act prohibits the District Attorney of Riverside County (the "District Attorney"), or any county-level law enforcement officer, from bringing an enforcement action challenging the banking operations of a national bank, such as Credit One Bank, N.A.[1] As explained below, pursuant to the National Bank Act, regulations prescribed by the Office of the Comptroller of the Currency ("OCC"), and the Dodd-Frank Wall Street Reform and Consumer Protection Act, the District Attorney is prohibited from bringing such an enforcement action because it is an unlawful exercise of "visitorial powers."

Nearly 200 years ago, in *McCulloch v. Maryland*[2] the U.S. Supreme Court held federal law supreme over state law with respect to national banking. Though the bank at issue in *McCulloch* was short-lived, a federal banking system reemerged in the Civil War era.[3] In 1864, Congress enacted the National Bank Act ("National Bank Act"), establishing the system of national banking still in place today. One of the hallmarks of this bedrock of the American financial system has been the principal that national banking associations are subject to the exclusive "visitorial power" of the Office of the Comptroller of the Currency ("OCC"). "Visitorial power" includes "conducting examinations, inspecting or requiring the production of books or records of national banks, or prosecuting enforcement actions" and "enforcing compliance with any applicable Federal or state laws."[4]

Against this backdrop, county-level prosecutors' offices and related law enforcement *must be* prohibited from exercising visitorial powers over national banks, as otherwise these banks could be subject to individual enforcement actions

---

[1] *See* Joint Scheduling Report and Discovery Plan, ECF No. 26, § 3.
[2] 4 Wheat. 316, 4 L.Ed. 579 (1819).
[3] *See Atherton v. FDIC*, 519 U.S. 213, 221–222 (1997); B. Hammond, Banks and Politics in America: from the Revolution to the Civil War (1957).
[4] 12 C.F.R. § 7.4000(a)(1); 12 C.F.R. § 7.4000(a)(2)(iii) and (iv).

Holland & Knight LLP
400 S. Hope Street, 8th Floor
Los Angeles, California 90071
Tel.: 213.896.2400 Fax: 213.896.2450

and inspections by different prosecutors' offices, each with differing standards and expectations. These standards and expectations could vary from those imposed by the OCC and interfere with the banks' federally-authorized servicing, lending and general banking operations. This need to avoid duplicative and potentially contradictory regulatory regimes was one of the key components in Congress' decision to establish a national bank charter and a national banking system.

As it stands today, there are 58 district attorneys in California alone with authority to bring consumer protection enforcement actions. Other states also imbue their district attorneys with similar authority, and these regulatory regimes are subject to change at any time by the will of state legislatures or the political whims of local elected officials. Without the exclusive visitorial power of the OCC to prevent county-level district attorneys from bringing these enforcement actions that target national banking practices by institutions like Credit One, the purpose of the federal regulatory framework to create uniform governance of nationally-chartered banks would be defeated.

Plaintiff Credit One Bank, N.A. ("Credit One") is a national banking association chartered by the OCC, and subject to the exclusive visitorial powers of the OCC. The dispute between Credit One and the District Attorney began in November 2019, when the District Attorney first attempted to exercise visitorial powers over Credit One by serving an investigatory subpoena on Credit One, through which the District Attorney sought an extensive amount of bank business records and customer information. Credit One consistently objected to this subpoena as an improper exercise of visitorial powers. On June 25, 2020, the District Attorney filed a petition to enforce the investigative subpoena in the Riverside County Superior Court.[5] During the pendency of the discovery proceeding, Credit One filed the Complaint in this action against the District Attorney seeking the following relief:

---

[5] The District Attorney withdrew the subpoena in November 2020. *See* Order Denying District Attorney's Motion to Dismiss, ECF No. 19, at 3, 5.

Holland & Knight LLP
400 S. Hope Street, 8th Floor
Los Angeles, California 90071
Tel.: 213.896.2400 Fax: 213.896.2450

A. Declaring the [District Attorney's] investigative subpoena as unenforceable as an unlawful encroachment upon the exclusive visitorial authority of the OCC.

B. Preliminary and permanently enjoining the [District Attorney], his agents, and all persons acting in concert with them from (1) investigating, requesting or issuing subpoenas for information concerning, *or taking any other action to enforce federal and state lending, debt collection, servicing and consumer laws against [Credit One], with respect to its credit card lending operations*, or (2) otherwise exercising visitorial powers with respect to [Credit One] in violation of Section 484 of the National Bank Act.

C. Granting [Credit One] such other and further relief, including costs, as this Court may deem justice and proper.[6]

As set forth in the Complaint, Credit One specifically challenges the District Attorney's authority to "take any other action to enforce federal or state" law against Credit One "with respect to its credit card lending operations." While this matter was pending, the District Attorney filed such an enforcement action in the California Superior Court for Riverside County, seeking to enforce the California Unfair Competition, Business & Professions Code § 17200 (the "UCL") and propounded the same discovery requests sought in the subpoena that he had withdrawn in November 2020.[7]

Credit One is entitled to summary judgment on its claims for relief because there are no disputed issues of material fact: (i) Credit One is a national bank; (ii) the District Attorney has brought an enforcement action against Credit One challenging its credit card

---

[6] *See* Complaint, ECF No. 1, at 4:15-17 (italics added).
[7] *See* Declaration of Raymond Y. Kim ("Kim Decl."), **Exhibit B**, District Attorney's Complaint. Although the District Attorney withdrew the subpoena for Credit One's books and records, he attempts to conduct the very same unlawful investigation through the enforcement action. *Id.*, **Exhibit A,** District Attorney's Investigative Subpoena; **Exhibit C,** District Attorney's Requests for Production to Credit One. This is still prohibited by the National Bank Act, OCC regulations, and Dodd-Frank Act.

lending operations; and (iii) the District Attorney is not the Attorney General of the State of California. Based on these undisputed facts, no rational trier of fact could conclude that the District Attorney has not violated the exclusive visitorial powers that Congress has vested in the OCC under the National Bank Act. Accordingly, Credit One respectfully requests that this Court grants summary judgment in favor of Credit One, and thereby enjoin the District Attorney, his agents, and all persons acting in concert with the District Attorney from (1) investigating, requesting or issuing subpoenas for information concerning, *or taking any other action to enforce federal and state lending, debt collection, and consumer laws against [Credit One], with respect to its credit card lending operations*, or (2) otherwise exercising visitorial powers with respect to Credit One in violation of Section 484 of the National Bank Act.

## II.     UNDISPUTED AND STIPULATED MATERIAL FACTS

The parties stipulated that resolution of this case turns on a question of law, no genuine issues of material fact are in dispute, no discovery is needed, and no witnesses or trial will be required. *See* Joint Scheduling Report and Discovery Plan, ECF No. 26, §§ 9-15. The parties also stipulated to the undisputed material facts relevant to this Motion, which are also provided in the accompanying Statement of Undisputed Facts:

1. Plaintiff Credit One Bank, N.A. is a national banking association chartered by the Office of the Comptroller of the Currency pursuant to the National Bank Act.
2. The District Attorney Michael A. Hestrin is the District Attorney of Riverside County, California.
3. In his capacity as District Attorney of Riverside County, the District Attorney enforces and regulates criminal and civil laws in the County of Riverside.
4. On March 26, 2021, the District Attorney filed an enforcement action in the California Superior Court for Riverside County against Credit One entitled, *The People of the State of California*

*v. Credit One Bank, N.A.*, bearing case number CVRI2101654 (the "State Enforcement Action"). *See* Kim Decl., **Exhibit B**. *See* Joint Scheduling Report and Discovery Plan, ECF No. 26, § 13.

### III.  LEGAL ARGUMENT

**A.  Legal Standard on Summary Judgment Motion**

The moving party initially bears the burden of proving the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co., Inc. v. Darden Restaurants, Inc.,* 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). If the movant meets its burden, the burden shifts to the nonmovant to show summary adjudication is not appropriate. *Celotex,* 477 U.S. at 317, 324. As demonstrated below, the undisputed material facts establish that Credit One is entitled to the requested relief as a matter of law.

**B.  The District Attorney's State Enforcement Action Is An Improper Exercise Of Visitorial Powers Over Credit One**

    **1.  Visitorial Powers Over A National Bank Are Delegated Only To The OCC And "Any Attorney General (Or Other Chief Law Enforcement Officer) Of Any State"**

Since the Lincoln Administration, by enacting the National Bank Act Congress created the OCC and vested visitorial powers over national banking associations exclusively in the OCC. Specifically, the National Bank Act provides: "No national bank shall be subject to any visitorial powers except as authorized by Federal law, vested in the courts of justice or such as shall be, or have been exercised or directed by Congress or by either House thereof or by any committee of Congress or of either House duly authorized." 12 U.S.C. § 484. The OCC has since prescribed regulations authorizing only

the OCC to exercise "visitorial powers," and prohibiting "state officials" from exercising "visitorial powers" over national banks:

> Under 12 U.S.C. 484, only the OCC or an authorized representative of the OCC may exercise visitorial powers with respect to national banks. State officials may not exercise visitorial powers with respect to national banks[.]

12 C.F.R. § 7.4000(a)(1).  "Visitorial powers" include:  (i) "conducting examinations, inspecting or requiring the production of books or records of national banks, or prosecuting enforcement actions, except in limited circumstances authorized by federal law"; and (ii) "enforcing compliance with any applicable Federal or state laws" concerning "regulation and supervision of activities authorized or permitted pursuant to federal banking law."  12 C.F.R. § 7.4000(a)(1); 12 C.F.R. § 7.4000(a)(2)(iii) and (iv).

More recently, in *Cuomo v. Clearing House Ass'n, L.L.C.*, the Supreme Court held that in addition to the OCC a "state attorney general" may bring "suit to enforce state law against a national bank."  557 U.S. 519, 536 (2009).  Congress codified the *Cuomo* holding in the Dodd-Frank Wall Street Reform and Consumer Protection Act, 12 U.S.C. § 25b(i), (the "Dodd-Frank Act"), and affirmed that an enforcement action may be brought by the state attorney general "or other chief law enforcement officer" of the State:

> In accordance with the decision of the Supreme Court of the United States in *Cuomo v. Clearing House Assn., L. L. C. (*129 S.Ct. 2710 (2009)), no provision of title 62 of the Revised Statutes which relates to visitorial powers or otherwise limits or restricts the visitorial authority to which any national bank is subject shall be construed as limiting or restricting the authority of any *attorney general (or other chief law enforcement officer) of any State* to bring an action against a national bank in a court of appropriate jurisdiction to enforce an applicable law and to seek relief as authorized by such law.

12 U.S.C. § 25b(i) (emphasis added).

Dodd-Frank Act's Congressional directive is clear and unmistakable – actions by the States to enforce non-preempted law against a national banking association is limited to actions brought in the courts, and only those brought by the attorney general "or other chief law enforcement officer" of any State.  12 U.S.C.A. § 25b(i).

## 2. Based On A "Common Understanding" Of The Dodd-Frank Act's Plain Language, The District Attorney May Not Pursue A State Enforcement Action Against Credit One

The National Bank Act, Dodd-Frank Act, and OCC regulations unequivocally show that Congress did not intend for local district attorneys to have visitorial powers over national banks.  Congressional intent may be inferred from the plain language of the statute.  *See, e.g., Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 177-179 (1994) ("Congress knew how to impose aiding and abetting liability when it chose to do so."); *Pinter v. Dahl*, 486 U.S. 622, 650 (1988) ("When Congress wished to create such liability, it had little trouble doing so").  Specifically here, if Congress had intended to authorize local district attorneys to exercise visitorial powers, it could have done so in the Dodd-Frank Act by providing that the National Bank Act shall not be "construed as limiting or restricting the authority of any *State or political subdivision thereof*."  Federal statutes are replete with provisions that use the language "State or political subdivision thereof" to identify the government entities subject to the statute.  In fact, there are fifteen such examples in Title 12 alone (the federal title relating to banks and banking).  *See, e.g.,* 12 U.S.C. § 1748h-3(b) ("Nothing in this subchapter shall be construed to exempt any real property which has been or is hereafter acquired and held by the Secretary under section 1748h–1 or 1748h–2 of this title from taxation by *any State or political subdivision thereof*[.]") (emphasis added); 12 U.S.C. § 2279g ("*No State or political subdivision thereof* may treat the merger or consolidation of two or more institutions of the Farm Credit System under this subchapter or title IV of the Agricultural Credit Act of 1987 as resulting in a change of ownership of any property owned by any of such merging or consolidating institutions[.]") (emphasis added); 12 U.S.C. § 1750e

("Nothing in this subchapter shall be construed to exempt any real property acquired and held by the Secretary under this subchapter from taxation by *any State or political subdivision thereof*[.]") (emphasis added).[8] If the plain language of Section 25b(i) was not clear enough, the fact that Congress declined to use the language "State or political subdivision thereof" establishes that Congress intended to limit enforcement actions by state attorneys general (or their state equivalent), and did not permit such actions to be brought by lower state officials, such as local prosecutors of every county, parish, town or city.

The context, text, and placement of the phrase "other chief law enforcement officer" supports this interpretation. Specifically, Dodd-Frank provides that the National Bank Act shall not be construed as limiting the authority of "any attorney general (*or other chief law enforcement officer*) of any State to bring an action[.]" 12 U.S.C. § 25b(i) (italics added). The phrase "other chief law enforcement officer" directly follows in parenthesis, "attorney general," and is preceded by the conjunction "or." Courts should interpret this phrase "methodically, using traditional tools of statutory interpretation, in order to confirm their assumptions about the 'common understanding' of words." *Facebook v. Duguid,* 141 S. Ct. 1163, 1170 n.5 (2021).

The Merriam Webster dictionary defines "chief" as: (i) "accorded highest rank or office"; and (ii) "of greatest importance or influence." *Merriam-Webster Dictionary*, Chief, (available at: https://www.merriam-webster.com/dictionary/chief). Also, the Merriam Webster dictionary defines "or" as a conjunction: (i) "used as a function word to indicate an alternative"; and (ii) "the equivalent or substitutive character of two words or phrases." *Merriam-Webster Dictionary*, Or (available at: https://www.merriam-webster.com/dictionary/or). Based on a common understanding of these definitions, a plain reading of "any attorney general (or other chief law enforcement officer)"

---

[8] *See also* 12 U.S.C. § 2148; 12 U.S.C. § 1747j; 12 U.S.C. § 1706b; 12 U.S.C. § 1741; 12 U.S.C. § 1714; 12 U.S.C. § 3012; 12 U.S.C. § 3403; 12 U.S.C. § 1768; 12 U.S.C. § 2160; 12 U.S.C. § 90; 12 U.S.C. § 1757; 12 U.S.C. § 1464.

Holland & Knight LLP
400 S. Hope Street, 8th Floor
Los Angeles, California 90071
Tel.: 213.896.2400  Fax: 213.896.2450

establishes that Congress intended for "other chief law enforcement officer" to mean the highest State official with a title equivalent to the attorney general.

There is nothing in the phrase "other chief law enforcement officer" of the State that suggests Congress intended to include local prosecutors, such as prosecutors of a county or city. The phrase "*other chief law enforcement officer*" is in the singular form, and preceded by the conjunction "or," which presupposes that only the single highest ranking legal official of the State is the subject of the Dodd-Frank Act. Indeed, the more commonsense explanation is that the phrase "or other chief law enforcement officer" is intended to allow for the possibility that the chief law enforcement officer of a State or U.S. territory does not hold the formal title of "attorney general." This is certainly true in the Commonwealth of Puerto Rico, where the chief law enforcement officer is titled as the "Secretario de Justicia de Puerto Rico," or "Secretary of Justice of Puerto Rico." *See* Puerto Rico Department of Justice website, available at: http://www.justicia.pr.gov/ (last visited September 17, 2021). Were it not for the noted parenthetical, the expansion of visitorial powers to the "attorney general" of a State would not extend to Puerto Rico.

For avoidance of any doubt, Credit One is not arguing that lower state officials may never enforce any state or local laws against a national bank, as it is possible, *arguendo*, that a local government may enforce local zoning laws, or fire safety or building codes against a national bank. This much is suggested by the OCC's regulation, referenced above, that includes within the definition of visitorial powers "enforcing compliance with any applicable Federal or state laws" concerning "regulation and supervision of activities authorized or permitted pursuant to federal banking law." 12 C.F.R. § 7.4000(a)(2)(iii) and (iv). Activities that are wholly outside of federally-authorized activities, such as fire and building safety codes, may be within the scope of local government enforcement. Federally-authorized banking activities, such as lending and account servicing, are not. *See, e.g.,* 12 U.S.C. § 24 (Seventh) (national banks may engage in the "business of banking" "by loaning money on personal security" and "by discounting and negotiating

promissory notes, drafts, bills of exchange, and other evidences of debt"); 12 C.F.R. § 7.4008(a) ("A national bank may make, sell, purchase, participate in, or otherwise deal in loans and interests in loans that are not secured by liens on, or interests in, real estate, subject to such terms, conditions, and limitations prescribed by the Comptroller of the Currency and any other applicable Federal law."); OCC Interp. Ltr. Dated Jan. 30, 1992, 1992 WL 266687, at *1 (OCC, Jan. 30, 1992) ("Servicing the loans is an 'incidental power ... necessary to carry on the business of banking[.]"); *Parks v. MBNA Am. Bank, N.A.*, 54 Cal. 4th 376, 386–87 (2012) ("[T]he NBA broadly authorizes national banks to exercise 'all such incidental power as shall be necessary to carry on the business of banking.' This broad power expressly includes 'loaning money on personal security.'") (citation omitted); *Dailey v. Bank of America, N.A.*, 2014 WL 12845788, at *4 (E.D. Tenn. September 30, 2014) ("The plaintiff argues that BOA must be licensed with Tennessee to collect on debts arising out of real estate lending. Such a requirement, this Court determines, is an exercise of visitorial powers that is prohibited by the NBA because it would infringe upon the OCC's exclusive authority to regulate national banks."). Because Congress left no room for state officials other than the attorney general to enforce state law to curtail the banking activities of national banks, the prosecution of any enforcement action by any other state official that targets the substantive banking activities of national banks is foreclosed by federal law.

   Against this backdrop, the Court should grant summary judgment in favor of Credit One and issue an injunction enjoining the District Attorney from attempting to enforce the UCL, or any other state consumer law affecting Credit One's lending operations. Credit One is a national bank. Statement of Undisputed Facts ("SUF") No. 1. On March 26, 2021, the District Attorney filed an enforcement action in the California Superior Court for Riverside County against Credit One alleging violations of the UCL based on Credit One's banking activities. SUF No. 4. The District Attorney is not the State Attorney General "or highest chief law enforcement officer" of the State of California. SUF No. 2. As such, the State Enforcement Action is an improper

exercise of visitorial powers, and the District Attorney should be barred from further pursuing the action and seeking Credit One's records.

## IV.   CONCLUSION

In this lawsuit, Credit One alleges that the District Attorney's attempts to curtail or restrict the banking activities of national banks through the prosecution of enforcement actions is foreclosed by the exclusive visitorial power vested in the OCC.  There is no debate that the District Attorney has attempted to and is in fact in the process of attempting to enforce California law to address the banking activities of Credit One, that Credit One is a national banking association, and that the District Attorney is not the California Attorney General.  Whatever the District Attorney's motives might be, and even if he in earnest disagrees with the statute that Congress has written, the forum for the result he seeks – expansion of the authority for lower state officers to enforce consumer law against national banks – lies not with the courts but rather with Congress.

Accordingly, Credit One respectfully requests that the Court grant summary judgment in favor of Credit One, and issue an injunction enjoining the District Attorney from attempting to enforce the UCL, or any other state consumer law, to restrict the banking activities of national banking associations, including Credit One.

Dated:  September 17, 2021

/s/ Raymond Y. Kim
HOLLAND & KNIGHT LLP
Raymond Y. Kim

*Attorneys for Plaintiff*
*Credit One Bank, N.A.*