JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 20-2156 JGB (KKx)** | Date | November 5, 2021 |
|---|---|---|---|
| Title | *Credit One Bank, N.A. v. Michael A. Hestrin, District Attorney of Riverside County, California* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Defendant's Motion to Stay, or in the alternative, Dismiss (Dkt. No. 37); (2) DISMISSING AS MOOT Plaintiff's Motion for Summary Judgment (Dkt. No. 39); and (3) VACATING the November 1, 2021 Hearing (IN CHAMBERS)

    Before the Court is Defendant Michael A. Hestrin's ("District Attorney") Motion to Stay, or in the alternative to Dismiss ("Stay Motion," Dkt. No. 37), and Plaintiff Credit One Bank, N.A.'s ("Credit One") Motion for Summary Judgment. ("MSJ," Dkt. No. 39.) The Court determines these matters are appropriate for resolution without a hearing. <u>See</u> Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers filed in support of and in opposition to the Stay Motion and MSJ, the Court GRANTS the Stay Motion and DISMISSES the action. The MSJ is MOOT. The November 8, 2021 hearing is VACATED.

## I. BACKGROUND

    On October 15, 2020, Credit One filed a complaint against Hestrin in his official capacity as the District Attorney of Riverside County, California. ("Complaint," Dkt. No. 1.) The Complaint seeks declaratory and injunctive relief for alleged violations of the National Bank Act, 12 U.S.C. § 21 <u>et seq.</u> (<u>See</u> Compl.) On December 17, 2020, the Court denied the District Attorney's motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(1). ("MTD Order," Dkt. No. 19.)

//
//
//

On March 26, 2021, the District Attorney filed a complaint against Credit One in the Superior Court of California for the County of Riverside. ("State Complaint," Dkt. No. 37-4.) The State Complaint asserts one cause of action for unfair competition under Section 17200 of the California's Business and Professions Code ("UCL") for violation of the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") and California Right to Privacy. (See State Compl.)

On September 15, 2021, the District Attorney filed the Stay Motion. (See Stay Mot.) Credit One opposed the Stay Motion on September 27, 2021. ("Stay Opposition," Dkt. No. 43.) The District Attorney replied on September 30, 2021. ("Stay Reply," Dkt. No. 48.)

On September 17, 2021, Credit One filed the MSJ. (See MSJ.) The District Attorney opposed the MSJ on September 28, 2021. ("MSJ Opposition," Dkt. No. 44.) Credit One replied on October 5, 2021. ("MSJ Reply," Dkt. No. 48.)

## II.  LEGAL STANDARD

### A. Younger Abstention

The District Attorney requests the Court to abstain and stay the instant action under the principles of Younger v. Harris, 401 U.S. 37 (1971). The Younger abstention doctrine expresses a "national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." Hoye v. City of Oakland, 653 F.3d 835, 843 (9th Cir. 2011) (quoting Younger, 401 U.S. at 41). As a threshold matter, Younger abstention only implicates three categories of state proceedings: "(1) 'parallel, pending state criminal proceeding[s],' (2) 'state civil proceedings that are akin to criminal prosecutions,' and (3) state civil proceedings that 'implicate a State's interest in enforcing the orders and judgments of its courts.'" ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 759 (9th Cir. 2014) (quoting Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 70 (2013)).

If the state proceeding falls under one of these categories, then a federal court applies the three-pronged test articulated in Middlesex Cnty. Ethics Cmte. v. Garden State Bar Ass'n, 457 U.S. 423 (1982), to determine whether to abstain: "if (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise federal questions." Fresh Int'l Corp. v. Agric. Labor Relations Bd., 805 F.2d 1353, 1357–58 (9th Cir. 1986) (citing Middlesex, 457 U.S. at 432.). In addition, "there is a vital and indispensable fourth element: the policies behind the Younger doctrine must be implicated by the actions requested of the federal court." AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1149 (9th Cir. 2007). "[O]nce the three Middlesex elements are satisfied," a court "abstains only if there is a Younger-based reason to abstain—i.e., if the court's action would enjoin, or have the practical effect of enjoining, ongoing state court proceedings." Id. (citing Gilbertson v. Albright, 381 F.3d 965, 978 (9th Cir. 2004)) (emphasis omitted). "When a case falls within the proscription of Younger, a district court must dismiss the federal action." Fresh Int'l Corp., 805 F.2d at 1356.

"Younger abstention remains an extraordinary and narrow exception to the general rule that federal courts 'have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given.'" Cook v. Harding, 879 F.3d 1035, 1038 (9th Cir. 2018).

### III.  DISCUSSION

The District Attorney argues that Younger abstention is appropriate because the complaint filed on behalf of the State of California in state court is an applicable state proceeding and all of the Middlesex elements are met. Credit One argues that the Court should not abstain because the state court action was not pending when it filed the instant action in federal court, and none of the remaining elements have been met. For the foregoing reasons, the Court agrees with the District Attorney.

**A.  Nature of State Proceedings**

The Court must make a threshold determination of whether the underlying state proceeding falls into one of the three Younger categories. The Court finds that it does. The District Attorney, a state actor, initiated a civil enforcement action against Credit One for violations of the UCL and Rosenthal Act. (Stay Mot. at 3.) This action is the kind of "civil enforcement proceeding[ that] warrant[s] abstention." Sprint Commcn's, Inc., 571 U.S. at 78.

Credit One's contention that the parties' state action is not a qualifying civil enforcement action is unavailing. Notably, Credit One does not cite to a single case involving the enforcement of state consumer protection laws. (Stay Opp'n at 11–12.) Yet, courts have repeatedly found that "a civil enforcement action brought by the Attorney General seeking civil penalties, injunctive relief, and damages for unfair and deceptive acts in violation of [state] consumer protection law [ ] falls within [the Younger] category of cases." Bristol-Myers Squibb Co. v. Connors, 444 F. Supp. 3d 1231, 1235 (D. Haw. 2020) (listing consumer protection cases applying Younger). Thus, Credit One's argument fails.

**B.  Ongoing State Proceedings**

To satisfy the first Middlesex requirement, the parties' state court action must be ongoing. "State proceedings are 'ongoing' if they are initiated 'before any proceedings of substance on the merits have taken place in the federal court." Nationwide Biweekly Admin., Inc. v. Owen, 873 F.3d 716, 728 (9th Cir. 2017) (quoting Hicks v. Miranda, 422 U.S. 322, 349 (1975)).

//
//
//
//
//

Credit One argues that the state action is not ongoing because there was no pending state proceeding when it brought the instant case in federal court. (Stay Opp'n at 8.) This misstates the law. As Credit One notes, some courts have held that "[t]he critical date for purposes of deciding whether abstention principles apply is the date the federal action is filed." Gilbertson v. Albright, 381 F.3d 965, 969 n.4 (9th Cir. 2004). However, the Supreme Court expressly rejected the notion that Younger only applies to state actions initiated before a federal complaint's filing. Hicks, 422 U.S. at 349. The test is whether "any proceedings of substance on the merits have taken place in the federal court." Id.; see also Polykoff v. Collins, 816 F.2d 1326, 1332 (9th Cir. 1987) ("Whether the state proceedings are 'pending' is not determined by comparing the commencement dates of the federal and state proceedings."). Accordingly, the underlying state proceeding here may be ongoing if it was initiated before any proceedings of substance on the merits have taken place in federal court.

Both the Supreme Court and the Ninth Circuit "have created some bright-line rules regarding what proceedings are 'substantial' and 'on the merits' for Younger purposes." Nationwide, 873 F.3d at 728. "For instance, denial of a temporary restraining order is not a proceeding of substance on the merits," whereas "the grant of a preliminary injunction is always a proceeding of substance on the merits." Id. (internal citations omitted). "When such a bright line rule does not apply, … [t]he relevant inquiry … is the extent of the district court's involvement in the merits." Id. This is "a fact-specific assessment," which considers factors such as "time that the district court has spent considering the case, any motions ruled on, any discovery, the number of conferences held, and any change in the parties' positions as a result of the federal litigation." Id. 728–29; see, e.g., Polykoff, 816 F.2d at 1332 (finding proceedings of substance on the merits had not occurred where the state complaint was filed after the federal court dismissed a motion for a temporary restraining order, two days before a hearing on a motion for preliminary injunction, and on the same day as a motion to dismiss on standing).

Credit One contends that proceedings of substance on the merits have already begun in the instant action because the Court has ruled on the District Attorney's motion to dismiss, which also raised Younger abstention. (Stay Mot. at 9.) The District Attorney argues that its earlier motion only raised threshold jurisdictional issues, such as standing and abstention, which did not raise the merits. (Stay Reply at 3.) Moreover, no discovery or analysis of substantive issues in this case has commenced. (Id.)

The Court agrees with the District Attorney. The Stay Motion was filed two days before Credit One's MSJ and was still in the pleading stage at that time. The Court's prior order on the District Attorney's motion to dismiss only addressed jurisdictional issues "on a non-merits ground—such as … standing." Nationwide, 873 F.3d at 729. The Court has not "spent a substantial amount of time evaluating the merits of the case[]." Id. Nor has the Court considered "contested substantive matter[s]." Nichols v. Brown, 945 F. Supp. 2d 1079, 1095 (C.D. Cal. 2013). In addition, no party asserts that it has changed its position as a result of the federal litigation. Accordingly, the Court concludes that the parties' state proceeding is ongoing.

//

## C. Important State Interest

To satisfy the second Middlesex requirement, the parties' state court action must implicate important state interests. The District Attorney argues that Credit One has allegedly violated consumer protection laws, and California has a great interest in ensuring the enforcement of those laws and protecting the state's consumers. (Stay Mot. at 5.)

"Among the important state interests at issue here are the protection of consumers from unfair business practices, the compensation of those consumers for harm, and the need to ensure fair competition between, and the fitness to operate of, licensed carriers." Commc'n Telesystems Int'l v. Cal. Pub. Utility Comm'n, 196 F.3 1011, 1017 (9th Cir. 1999); see also Monster Beverage Corp. v. Herrera, 650 F. App'x 344, 346 (9th Cir. 2016) ("finding that "the People of California have a strong interest in ensuring that a company providing consumer products is doing so in a manner consistent with the state's unfair business practices laws"); Cedar Rapids Cellular Tel., L.P. v. Miller, 280 F.3d 874, 879–80 (8th Cir. 2002) (recognizing that Iowa has "an important interest in enforcing its consumer protection statutes"); Bristol-Myers Squibb Co., 444 F. Supp. 3d at 1237–38 (finding that "courts have repeatedly held that state actions to enforce consumer protection laws against unfair and deceptive business practices are sufficiently important for Younger purposes" and listing cases). This authority demonstrates that consumer protection is an important state interest.

Moreover, the District Attorney is in "an enforcement posture in the state proceedings." Potrero Hills Landfill, Inc. v. County of Solano, 657 F.3d 876, 883 (9th Cir. 2011). When "the state seeks to enforce a law of significant state importance through judicial or quasi-judicial action," the "'important state interest' requirement is easily satisfied." Id. at 883–84. Accordingly, the Court concludes that the important state interest element is also met.

While Credit One asserts that California cannot have an important interest when the state court proceeding has been stayed, this argument fails. (Stay Opp'n at 13.) That Credit One sought a stay of the state action and that it was granted do not diminish the District Attorney's interest in enforcement of the UCL and the Rosenthal Act. Similarly, the involvement of federal issues does not negate the state's interest, though it may implicate the third element under Younger. (Id. at 13–14.)

## D. Adequate Opportunity to Raise Federal Claims

To satisfy the third Middlesex requirement, the parties' state court action must provide an adequate opportunity to raise federal questions. "The federal plaintiff bears the burden of showing that state procedural law bars the presentation of [its] claims." Monster Beverage Corp. v. Herrera, 2013 WL 12131740, at *9 (C.D. Cal. Dec. 16, 2013). Here, Credit One does not argue that it lacks the opportunity to raise questions about the National Bank Act in state court. Credit One instead offers a statement by the judge in the parties' state court action that the federal court has a greater interest in the federal question. (Stay Opp'n at 14.) However, "[a]ll that Middlesex requires is an opportunity to present the federal issue." Fresh Int'l Corp., 805 F.2d at 1362

(emphasis in original). The state court judge's statement does not demonstrate that the state forum forecloses the federal question. Accordingly, the Court concludes that the state proceeding affords an adequate opportunity to raise any federal claims.

### E. Implication of Younger Policies

Because the three Middlesex elements have been satisfied, the Court must determine whether its actions would enjoin, or have the practical effect of enjoining, the parties' state proceeding. The Court finds that they would.

Credit One seeks to preliminarily and permanently "enjoin[] the Defendant, his agents, and all persons acting in concert with them from (1) investigating, requesting or issuing subpoenas for information concerning, or taking any other action to enforce federal and state lending, debt collection, and consumer laws against Plaintiff, with respect to its credit card lending operations, or (2) otherwise exercising visitorial powers with respect to Plaintiff in violation of Section 484 of the National Bank Act." (Compl., Prayer for Relief ¶ B.) If the Court grants the requested relief, then it would enjoin the District Attorney's current enforcement action against Credit One. In addition, the requested relief would prohibit the District Attorney from enforcing all California consumer protection laws against Credit One at any time. Accordingly, the Court concludes that the federal action will interfere with the state proceeding.

In sum, the Court finds that all four requirements for Younger abstention are satisfied. Accordingly, the Court DISMISSES Credit One's Complaint.

### IV.   CONCLUSION

For the reasons established above, the Court GRANTS the District Attorney's Stay Motion, construed as a Motion to Dismiss, and DISMISSES the case. The MSJ is MOOT. The November 8, 2021 hearing is VACATED.

**IT IS SO ORDERED.**